CASE 26—INDICTMENT—JUNE 25.

# Johnson vs. Commonwealth.

APPEAL FROM JEFFERSON CIRCUIT COURT.

1. INDICTMENT FOR EMBEZZLEMENT.—"The said William Johnson, in said county of Jefferson, on the 1st day of November, 1868, being at the time in the employ as a servant of Press Means, did fraudulently and feloniously convert to his own use various treasury notes of the United States, of various sizes and denominations, of the value of nine dollars and fifty cents, and various national bank bills, currency of the United States, of various denominations, and of the value of nine dollars, the property of Press Means, being the price of sand hauled and delivered to ———— Holbrook by said Johnson, as the servant of said Means, and with the collection of which he, the said Johnson, was intrusted by the said Means, contrary," &c. *Held*—The facts stated in the foregoing specific charge in the indictment are sufficient to constitute a public offense under the statute in relation to embezzlement.

2. Section 2, article 12, of chapter 28, of the Revised Statutes, in relation to embezzlement, embraces all persons who are guilty of fraudulently secreting or converting to their own use, the money or property of others intrusted to them, or placed in their hands for the purpose of being carried or delivered.

WOOD & BERNARD,                                          For Appellant,
                           CITED—
Revised Statutes, sec. 2, art. 12, chap. 28.


JOHN RODMAN, Attorney General,                For Appellee,
                           CITED—
Revised Statutes, sec. 2, art. 12, 1 Stanton, 391.

JUDGE HARDIN DELIVERED THE OPINION OF THE COURT:

The appellant, William Johnson, indicted for embezzlement, was convicted and sentenced to confinement in the Penitentiary for one year. He now seeks a reversal of the judgment on the ground that the court erred in overruling a motion in arrest of the judgment, for insufficiency of the indictment. The specific charge is, that

" The said William Johnson, in said county of Jefferson, on the 1st day of November, 1868, being at the time in the employ as a servant of Press Means, did fraudulently and feloniously convert to his own use, various treasury notes of the United States, of various sizes and denominations, of the value of nine dollars and fifty cents, and various national bank bills, currency of the United States, of various denominations, and of the value of nine dollars, the property of Press Means, being the price of sand hauled and delivered to ———— Holbrook by the said Johnson, as the servant of said Means, and with the collection of which he, the said Johnson, was intrusted by the said Means, contrary," &c.

It is insisted for the appellant, that the facts stated do not constitute a public offense under the statute in relation to embezzlement.

According to section 121 of the Criminal Code, an indictment must contain "a statement of the acts constituting the offense, in ordinary and concise language, and in such a manner as to enable a person of common understanding to know what is intended."

The second section of article 12, of chapter 28, of the Revised Statutes, provides, that "if any carrier, porter, or other person, to whom money or other property or thing which may be the subject of larceny may be delivered to be carried for hire, or any other person who may be intrusted with such property, embezzle, or fraudulently convert to his own use, or secrete, with intent to do so, any such property, either in mass or otherwise, before delivery thereof at the place, or to the person to whom the same were to be delivered, he shall be confined in the penitentiary not less than one nor more than five years."

It is contended for the appellant, that the offense which this provision of the statute was intended to embrace is restricted to the fraudulent conversion or secretion of money or property by carriers, porters, and others, who may be specially engaged in carrying and delivering money or property for hire, and that it does not embrace the acts of ordinary servants who receive, or are intrusted with, money or property in the business of their employers; but, as we construe the statute, it has a more comprehensive meaning, and embraces all persons who are guilty of fraudulently secreting or converting to their own use the money or property of others intrusted to them, or placed in their hands, for the purpose of being carried or delivered.

The facts constituting the offense are, we think, sufficiently stated in the indictment, and the court properly refused to arrest the judgment.

Wherefore, the judgment is affirmed.